**SO ORDERED.**

**SIGNED this 17 day of September, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**CHRISTOPHER HARRELL HASSELL,**

    **DEBTOR.**                                **Case No. 05-04606-8-JRL**
                                                                 **Chapter 13**

_____

## ORDER

      This case is before the court on the debtor's motion to avoid a judicial lien held by BB&T. Section 522(f)(1) allows the debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) . . . ." 11 U.S.C. § 522(f)(1). Because exemptions are determined on the petition date, a lien must ordinarily exist on the petition date to impair an exemption. In re Pettaway, Case No. 02-02619-8-JRL (Bankr. E.D.N.C. Mar. 10, 2004).

      The debtor asserts that BB&T obtained a money judgment in the amount of $44,017.00 against the debtor on December 16, 2002 in Washington County, North Carolina. According to the debtor's petition and schedules, the debtor does not own real property to which a judgment lien would attach. While the debtor claims that the judgment impairs his exemption in personal property,

there is no indication that this property was levied upon. As the judgment was unsecured on the petition date, the discharge injunction invalidates the underlying debt and deprives the judgment of any legal effect.

Based on the foregoing, the court denies the motion to avoid the judicial lien.

"END OF DOCUMENT"